**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| MIGDALIA MAGALY JIMENEZ DOMINGO,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | Case No. 5:26-cv-06268-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Migdalia Magaly Jimenez Domingo filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her civil immigration detention beginning October 6, 2026. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall immediately release Petitioner Migdalia Magaly Jimenez-Domingo (A# 208-183-082).

## II. BACKGROUND

Petitioner, a 34-year-old national of Guatemala, entered the United States without inspection on or about October 23, 2015, with her minor son. See Petition ¶¶ 1, 3. They were detained, served Notices to Appear ("NTA") charging inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), and released on an Order of Release on Recognizance on October 24, 2015. See id. ¶¶ 3, 22; Dkt. 1-1; Dkt. 1-2 ("OREC"). They filed asylum applications and continued to litigate their proceedings for years. See Petition ¶¶ 3, 24-26.

On March 6, 2020, an Immigration Judge ("IJ") denied Petitioner and her son's applications for asylum and related relief and ordered them removed. See id. ¶ 26. While their case appeal was pending before the Board of Immigration Appeals ("BIA"), the Department of Homeland Security exercised prosecutorial discretion and joined Petitioner and her son in a Motion to Dismiss Removal Proceedings. See id. On August 30, 2022, the BIA granted the parties' joint motion and dismissed the proceedings without prejudice. See id.; Dkt. 1-5.

On February 8, 2024, Petitioner affirmatively filed a Form I-589, Application for Asylum and for Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"), with her husband included as a derivative. See Petition ¶ 27; Dkt. 1-6. In March 2025, Petitioner received employment authorization from USCIS, valid through March 2030. See Petition ¶ 27; Dkt. 1-7. On or about July 9, 2026, USCIS issued Petitioner a notice reflecting an October 6, 2026 interview date. See Dkt. 1-8.

On October 6, 2026, Petitioner appeared for the scheduled interview. See Petition ¶ 28. When she appeared, the Asylum Office cancelled her interview and escorted her to an office to meet with Immigration and Customs Enforcement ("ICE") agents, who arrested and detained her. See id. Neither Petitioner nor her counsel were provided with an arrest warrant or any

indication that a warrant existed. See id. ¶ 6. ICE issued Petitioner a new NTA per 8 U.S.C. § 1229a, charging her as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I). See id. ¶ 29; Dkt. 1-9. The Executive Office for Immigration Review's Automated Case Information records show that Petitioner's case is pending with an internet-based master hearing scheduled for December 3, 2026. See https://acis.eoir.justice.gov/en/ (search A-Number: "208-183-082," Nationality: "Guatemala") (last accessed October 31, 2026).

ICE transported Petitioner to the Adelanto ICE Processing Center, where she remains. See Petition ¶ 29; https://locator.ice.gov/odls/#/search (search A-Number: "208-183-082," Nationality: "Guatemala") (last accessed October 30, 2026). Since being detained, Petitioner has complained to her counsel about her medical condition and was hospitalized as of midnight on October 20, 2026, for reasons unknown to her counsel. See Petition ¶¶ 2, 30.

The record reflects no notice, opportunity to be heard, or individualized determination before or after Petitioner's October 6, 2026 arrest. See id. ¶¶ 53-55. Petitioner alleges that she is not a flight risk or a danger to the community, as evidenced by her complete lack of criminal convictions and her appearance at every hearing and interview in her immigration case. See id. ¶¶ 49, 58. Petitioner claims that her re-detention violated the substantive and procedural components of the Fifth Amendment's Due Process Clause (Claims One and Two) and challenges her warrantless arrest (Claims Three and Four). See id. ¶¶ 44-65. She seeks release without a monitoring device, declaratory relief, transfer of her removal proceedings to the immigration court nearest her home, and fees. See id. at 25 (Prayer for Relief).

## III. DISCUSSION

A district court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Respondents have not identified the statutory authority under which they detain Petitioner. Petitioner appears to invoke § 1226(a), and the October 24, 2015 OREC states that at that time, Petitioner was being conditionally released on her own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act." Petition ¶ 34; see also Dkt. 1-2. In Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that § 1226(a) supplies the governing authority. Though § 1226(a) appears applicable, the constitutional analysis below does not turn on which statute governs Petitioner's detention. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-responding Respondents.

The Fifth Amendment forbids the Government to deprive any person of liberty without due process of law, and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Although Petitioner was released on an OREC in 2015, the record is not clear as to the nature and conditions of her release following the dismissal of her removal proceedings in 2022. If Petitioner's 2015 OREC was restored at that time, Petitioner may claim the conditional liberty interest recognized in Morrissey v. Brewer, 408 U.S. 471, 482 (1972). If Petitioner's OREC was not restored at that time, Petitioner may nonetheless hold a protected liberty interest. See, e.g. Tello Vazquez v. Mullin, No. 26-2039, 2026 WL 1911507, at

*2 (W.D. Wash. July 2, 2026) ("The Government could have detained Petitioner at any time after the expiration of his visa in 2021 but did not do so until years later, after Petitioner developed significant ties to the United States. Petitioner's interest in maintaining his liberty is therefore strong, in the absence of evidence that he is a flight risk or a danger to the community."). In either case, Respondents have not contested that Petitioner holds a protected liberty interest. The Court therefore assumes without deciding that Petitioner has a liberty interest in freedom from detention that the Due Process Clause protects.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from physical confinement—is substantial. Petitioner's detention has separated her from her two minor children, including her nine-year-old daughter who is undergoing evaluation for a possible heart condition. See Petition ¶ 28. The risk of erroneous deprivation is high because Petitioner received no pre-deprivation process: no explanation of the basis for her detention, no custody determination she could contest, no decision on her request for release, and no hearing before a neutral decisionmaker in the more than weeks since her arrest. Nor does the record indicate that Petitioner has received any post-deprivation process. The uncontested record of release on recognizance following Petitioner's initial entry, Petitioner's over a decade of residence in the United States, lack of criminal convictions, pending asylum application, and record of appearance at immigration proceedings and check-ins indicates that an

individualized determination would have real value. And no governmental interest appears. Respondents assert no danger, flight risk, or other justification for Petitioner's detention, and nothing in the record suggests that appropriate conditions of supervision would not secure her appearance. On this uncontested record, Petitioner's detention without any process violates due process.

Petitioner seeks release without a monitoring device. See id. at 25. Given Respondents' non-opposition, immediate release is appropriate and affords complete relief. The Court therefore does not reach Petitioner's warrantless arrest claim. The Court declines to reach Petitioner's remaining requests.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Migdalia Magaly Jimenez-Domingo (A# 208-183-082) on the conditions of release, if any, in effect immediately before her October 6, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: November 2, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge